

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

June 28, 1947

Honorable Swain Burkett,
County Attorney,
Castro County,
Dimmitt, Texas

Opinion No. V-276

Re: Rural high school
district election
proposing the crea-
tion of a district
of area greater
than 100 square
miles.

Dear Sir:

We refer to your letter of recent date ac-
knowledged by the Attorney General on June 16, 1947,
wherein you request an opinion from this office on the
following quoted portion of Article 2922c, V. C. S.:

"No rural high school district, as
provided for herein, shall contain a
greater area than 100 square miles, or
more than seven elementary school dis-
tricts, except that the county board of
school trustees may form rural high school
districts, as provided in Article 2922a,
containing more than 100 square miles,
upon a vote of a majority of the quali-
fied electors in the said proposed rural
high school district voting at an elec-
tion called for such purpose."

and concerning which you submit, in substance, the fol-
lowing question:

Does Article 2922c concerning an
election proposing the establishment of
a rural high school district containing
an area greater than 100 square miles
but less than eight elementary school
districts contemplate that voting boxes
should be provided for in each of the
seven or less elementary districts in-
volved?

Where a proposed rural high school district does not contain more than seven elementary districts but does contain an area greater than 100 square miles, the issue is governed entirely by the majority will of the entire proposed district as expressed by voters at an election called by the county school board for such purpose, and it is not necessary that a majority of the voters or of the school trustees in the individual school districts involved consent to the formation of the proposed district. The County Board of School Trustees of Hale County vs. Mayfield, C. S. D. No. 22, Civ. App., 140 S. W. (2d) 956, error dism., judgment correct; Wise C.S.D. No. 2 of Castro County vs. Castro County School Trustees, Civ. App., 141 S.W. (2d) 1028, error ref; Mt. View C. S. D. vs. Blanco County Board of School Trustees, Civ. App., 149 S. W. (2d) 224, error dism., judgment correct.

In Oakville I. S. D. vs. County School Trustees, 178 S. W. (2d) 547, (writ ref.) involving an election for the creation of a rural high school district to be composed of two independent school districts and five common school districts which contained a greater area than 100 square miles, which election was authorized and held under the provisions of Article 2922c, V.C.S., the contention was made that the election held was void as but one voting place was provided for in said election, and that the law implies that a reasonable number of voting places must be provided for in an election held under provisions of Article 2922c for the creation of a rural high school district embracing an area of more than 100 square miles.

The Court of Civil Appeals in overruling this contention stated that the failure to provide for more than one voting place was at most an irregularity, that an attack upon an election for irregularities occurring in connection therewith must be directly made by way of an election contest in which it must be shewn that the irregularity complained of affected the result of the election. The judgment of the trial court refusing to enjoin the County School Trustees from establishing the proposed rural high school district in accordance with the results of the election was affirmed.

We agree with the conclusion submitted in your enlightening brief on the question and are of the

opinion that the holding of the court in the Oakville case is controlling, that the effect thereof is to recognize a discretion in the County Board of School Trustees in such an election to determine how many voting boxes or places should be provided in the proposed high school district where the election is to be held, and that unless it can be shown in a proper election contest that the action of the County School Board in providing voting places in the election materially affected the result of the election, the discretionary action will be sustained and the election will be upheld.

### SUMMARY

Article 2922c, V. C. S., wherein it concerns the establishment of a rural high school district containing an area greater than 100 square miles but containing less than eight elementary school districts, does not govern the number or location of voting boxes or places, such being a matter within the discretion of the County Board of School Trustees and subject only to the test of whether the result of the election is materially affected. Oakville Independent School District vs. County School Trustees, 178 S. W. (2d) 547 (writ ref.)

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison

Chester E. Ollison
Assistant

CEO:WB

APPROVED:

Price Daniel
ATTORNEY GENERAL